IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| --------------------------------------------------X | | |
| GND PROMOTIONS, LLC and | : | |
| JAMES ENMAN, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Case No. _____ |
| vs. | : | |
| | : | |
| BARRY BEAGLE, LOGAN BEAGLE, | : | Civil Action |
| EQUIPMENT SOLUTIONS GROUP, | : | |
| TIMOTHY FABER, and 4051211 | : | **COMPLAINT AND** |
| CANADA INC., | : | **JURY DEMAND** |
| | : | |
| --------------------------------------------------X | | |

Plaintiffs, GND PROMOTIONS, INC. and JAMES ENMAN, by and through their undersigned counsel, Peri Stewart Malia, hereby file their Complaint seeking compensatory damages, exemplary damages, attorney's fees, injunctive relief, and such other relief as the Court deems appropriate, against Defendants, BARRY BEAGLE, LOGAN BEAGLE, EQUIPMENT SOLUTIONS GROUP, TIMOTHY FABER, and 4051211 CANADA, INC. (collectively "Defendants") for negligent and intentional interference with existing and prospective economic advantage and in support thereof, asserts as follows:

**Parties**

1. Plaintiff, James Enman, is an individual who resides in this District in Bangor, Pennsylvania, USA.

2. Plaintiff, GND Promotions, LLC, is a limited liability company duly organized and existing in the Commonwealth of Pennsylvania with offices located in this District at 305 Roseto Avenue, Roseto, Pennsylvania USA.

3. Defendant, Barry Beagle, is an individual who upon information and belief resides in the State of Kentucky, USA.

4. Defendant, Logan Beagle, is an individual who upon information and belief resides in the State of Kentucky, USA.

5. Defendant, Equipment Solutions Group, is a corporation which upon information and belief is organized and existing under the laws of State of Kentucky with offices located at 7453 Empire Drive, Suite 165, Florence, Kentucky 41042 USA.

6. Defendant, Timothy Faber, is an individual and resides at 4 Beaufort Road, Toronto, M4E 1M7, Toronto, Canada.

7. Defendant, 4051211 Canada Inc., is a corporation which upon information and belief is organized and existing under the laws of Canada and has an address of 4 Beaufort Road, Toronto, M4E 1M7, Toronto, Canada.

## Jurisdiction and Venue

8. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and is between citizens of a State and citizens or subjects of a foreign state.

9. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1367 as the claims arise under the laws of the United States with actions having been conducted in this District.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims asserted herein occurred in this District, and Defendants are subject to jurisdiction in this District.

**Facts Common to All Counts of the Complaint**

11. Plaintiff, GND Promotions, LLC ("GND Promotions"), was formed under the laws of the Commonwealth of Pennsylvania. Plaintiff, James Enman, is the sole officer and member of GND Promotions.

12. In or about April of 2011, plaintiff, GND Promotions and Bergami North America, Inc. ("Bergami NA") entered into a joint venture agreement (the "Joint Venture Agreement").

13. Pursuant to the terms of the Joint Venture Agreement, the company Bergami USA, LLC ("Bergami USA"), was formed in accordance with the laws of the Commonwealth of Pennsylvania. The sole members of Bergami USA are GND Promotions and Bergami NA. GND Promotions holds a forty-nine (49%) percent interest in Bergami USA. Bergami NA holds a fifty-one (51%) percent interest in Bergami USA. An operating agreement was executed between the aforesaid members of Bergami USA (the "Operating Agreement").

14. Pursuant to the terms of the Joint Venture Agreement, Bergami USA was granted the exclusive rights to sell machinery, equipment and parts manufactured and sold by Bergami s.r.l. and/or Bergami Packaging Solutions s.r.l. (collectively, "Bergami Italy") into North America and the Caribbean (the "Territory").

15. Plaintiff, James Enman, the former managing member of Bergami USA, was charged with all operations and sales activities of Bergami USA and for over a decade, devoted his time and efforts to develop sales of machinery, equipment and parts manufactured by Bergami Italy ("Bergami Products") and to provide services related to the Bergami Products ("Bergami Services").

3

16. Pursuant to the terms of the Joint Venture Agreement, Bergami USA was to have recovered commissions for all sales of Bergami Products and Bergami Services to customers in the Territory.

17. GND Promotions entered into the Joint Venture Agreement and an Operating Agreement in reliance upon a number of factors including the exclusivity provision by which the Joint Venture was granted the exclusive right to sell Bergami Machinery and Bergami Services into the territory which was defined as North America and the Caribbean. James Enman commenced providing services to Bergami USA and customers within the Territory.

18. All of the Defendants knew or should have known about the joint venture and the exclusivity granted to Bergami USA for the sale of Bergami Products and Bergami Services.

19. Defendants sold Bergami Products and/or Bergami Services to customers within the Territory causing damages to Plaintiffs well in excess of Seventy-Five Thousand Dollars ($75,000.00).

## FIRST CLAIM FOR RELIEF

**(Intentional Interference with Existing/Prospective Economic Advantage)**

**(Against All Defendants)**

20. James Enman and GND Promotions reallege and incorporate all preceding paragraphs as though fully set forth herein.

21. James Enman and GND Promotions had existing business opportunities and economic benefit in connection with the Joint Venture Agreement and with customers located in the Territory.

22. James Enman and GND Promotions had a reasonable probability of future business opportunities and economic benefit in connection with the Joint Venture Agreement and connections with customers in the Territory.

23. Defendants had knowledge of such opportunities, and intentionally interfered with such opportunities. Defendants committed these tortious acts with deliberate and actual malice, ill-will, and oppression in conscious disregard of James Enman's and GND Promotions' legal rights.

24. Defendants had knowledge of Bergami USA, the Joint Venture Agreement, the joint venture created by the Joint Venture Agreement, James Enman's and/or GND Promotions' role in Bergami USA and/or the relationship between Bergami Italy, on the one hand, and James Enman and/or GND Promotions, on the other, and intentionally interfered with such opportunities by selling Bergami Products and providing Bergami Services to customers within the Territory and collecting commissions in connection with said sales.

25. Defendants committed these tortious acts with deliberate and actual malice, ill-will, and oppression in conscious disregard of James Enman's and GND Promotions' legal rights.

26. As a direct and proximate result of Defendants' conduct, James Enman and GND Promotions have been injured by Defendants in an amount to be proven at trial but which are in excess of Seventy-Five Thousand Dollars ($75,000.00).

**SECOND CLAIM FOR RELIEF**

**(Negligent Interference with Existing/Prospective Economic Advantage)**

**(Against All Defendants)**

27. James Enman and GND Promotions reallege and incorporate all preceding paragraphs as though fully set forth herein.

28. James Enman and GND Promotions had existing business opportunities and economic benefit in connection with the Joint Venture Agreement and connections with customers.

29. James Enman and GND Promotions had a reasonable probability of future business opportunities and economic benefit in connection with Bergami USA and the Joint Venture Agreement and connections with customers.

30. Defendants had knowledge of such opportunities and knew or should have known that if they did not act with due care, their actions would interfere with such opportunities and cause Plaintiff to lose the economic benefit of such relationships.

31. Defendants have acted negligently and have disrupted Plaintiffs' relationships and business opportunities with its customers.

32. As a direct and proximate result of Defendants' conduct, Plaintiffs has been injured by Defendants in an amount to be proven at trial but which are in excess of Seventy-Five Thousand Dollars ($75,000.00).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in its favor and against Defendants, BARRY BEAGLE, LOGAN BEAGLE, EQUIPMENT SOLUTIONS GROUP, TIMOTHY FABER, and 4051211 CANADA, INC., as follows:

1. For compensatory damages in an amount to be determined at trial;

2. For restitution in an amount to be determined at trial;

3. For exemplary damages in an amount to be determined at trial;

4. For injunctive relief directing and prohibiting each of the Defendants from assisting, engaging or facilitating the sale of Bergami Products and/or Bergami Services into the Territory;

5. For attorney's fees incurred in this action; and

6. For such other, further and different relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury as to all matters so triable

**PERI STEWART MALIA**
Attorneys for Plaintiffs,
James Enman and GND Promotions, LLC


By:   /s/ Michael T. Stewart
        Michael T. Stewart
        Attorney ID 45342
        271 Route 46 West
        Suite C201
        Fairfield, NJ 07004
        Tel. 973-521-7426

Dated: November 26, 2024