**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GND PROMOTIONS, LLC and JAMES ENMAN** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | **NO.  24-6346** |
| | : | |
| **BARRY BEAGLE,** *et al* | : | |

**<u>MEMORANDUM OPINION</u>**

**Henry, J.** *s/CH*                                                  **July 21, 2025**

Plaintiffs, GND Promotions, LLC, and James Enman filed a Complaint in this matter on November 26, 2024, and on January 10, 2025, the case was reassigned to me. After multiple extensions, Plaintiffs filed an Amended Complaint on March 19, 2025. This Amended Complaint contains one count for "Intentional Interference with Existing/Prospective Economic Advantage." All Defendants filed motions to dismiss the Amended Complaint. Defendant Faber argues that the case against him should be dismissed because this Court lacks personal jurisdiction over him. The remaining defendants, Barry Beagle, Logan Beagle and Equipment Solutions Group, LLC ("Beagle Defendants") filed a motion seeking to dismiss the case as barred by the statute of limitations and for failure to state a claim. Specifically, the Beagle Defendants argue that Plaintiffs' Amended Complaint fails to state a claim as Plaintiffs fail to plead a factual basis to support their claim for intentional interference and fail to plead sufficient facts to establish that the case meets the jurisdictional threshold of $75,000 as required by 28 U.S.C. § 1332(a). As will be discussed more fully below, I will grant Defendants' motion and give Plaintiffs the opportunity to file an amended pleading that complies with the Federal Rules of Civil Procedure.

I.    **FACTS**

GND is a Pennsylvania company and Enman is the sole officer and member of GND. Am. Compl. ¶10. In April of 2011, GND and Bergami North America, Inc. ("Bergami NA") entered into a Joint Venture Agreement. *Id.* ¶11. This Joint Venture Agreement formed a company called Bergami USA, LLC ("Bergami USA"). The sole members of Bergami USA are GND and Bergami NA. *Id.* ¶12. Pursuant to the terms of the Joint Venture Agreement, Bergami USA was granted the exclusive rights to sell machinery, equipment and parts manufactured by Bergami s.r.l., an Italian entity, into North America and the Caribbean (the "Territory"). *Id.* ¶13. Enman was charged with all operations and sales activities of Bergami USA and for over a decade, he sold machinery, equipment and parts manufactured by Bergami Italy and provided services related to the Bergami products. *Id.* ¶¶ 14, 16. Pursuant to the terms of the Joint Venture Agreement, Bergami USA was to receive commissions for all sales of Bergami products and services to customers in the Territory. *Id.* ¶15. The Joint Venture Agreement contained an exclusivity provision whereby Bergami USA was granted the exclusive right to sell Bergami machinery and services in the Territory. *Id.* ¶15.

Plaintiffs allege that all defendants "conspired to and did plan to take over all or a portion of the sales of the Bergami Products and provision of the Bergami Services in the Territory." *Id.* ¶ 21. Further, Plaintiffs allege that the defendants formed a limited liability company in Kentucky to effectuate the plan to take over Bergami sales. *Id.* ¶ 22. Plaintiffs claim that Defendants have represented Bergami at trade shows and hold themselves out as a Bergami-related sales team. *Id.* ¶¶ 23-32. Plaintiffs assert that all of this was done to disrupt the exclusivity provisions contained in the Joint Venture Agreement. *Id.* ¶ 31.

## II.    <u>ANALYSIS</u>

Motions to dismiss are governed by Federal Rule of Civil Procedure 12(b)(6).  If a plaintiff fails to state a claim upon which relief can be granted, the court may dismiss the action. Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Only a complaint that states a plausible claim for relief survives a motion to dismiss . . . Threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice."  *Id*. at 678-79.  A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing Iqbal, 556 U.S. at 678).

First, as to Defendants' statute of limitations argument, there is no dispute that the statute of limitations for intentional interference with economic advantage is two years. 42 Pa.C.S. § 5524(7). There is also no dispute that this action was commenced on November 26, 2024, which means the cause of action must have arisen by November 26, 2022, at the earliest, unless an exception to the statute of limitations applies. Although the Amended Complaint is somewhat light on dates, it is apparent that the Joint Venture Agreement was entered into in 2011. Therefore, it is possible that Plaintiffs' claim is beyond the statute of limitations. Plaintiffs argue that they are entitled to application of the discovery rule to toll the statute of limitations, and their claim should not be dismissed. The "discovery rule tolls the statute of limitations until the plaintiff knows or reasonably should know that (1) he has sustained an injury and (2) his injury

has been caused by another party's conduct." *Weik v. Estate of Brown*, 794 A.2d 907, 909 (Pa.Super.Ct. 2002).

In terms of relevant dates, Plaintiffs' Amended Complaint states only that the Joint Venture Agreement was entered into in April of 2011, well beyond the statute of limitations date. It also references several exhibits that show Logan Beagle and Barry Beagle participated in trade shows on behalf of Bergami in 2023 and 2024. Am. Compl., ¶¶ 13, 25, 29; Exs. C, D, G. The Amended Complaint also attaches Articles of Incorporation for a Kentucky company called Bergami NA, LLC that was formed on January 3, 2018. *Id.*, ¶ 22, Ex. A. Aside from those few dates, the Amended Complaint contains no other relevant information to assist with application of the discovery rule. Plaintiffs plead no facts regarding when they first became aware of Defendants' purported misconduct and how they discovered such misconduct. There is no information pled with which I can evaluate whether Plaintiffs acted in a reasonable fashion in discovering the alleged misconduct. Accordingly, I will allow Plaintiffs to file an amended pleading that sets forth the requisite factual specificity to show their entitlement to the application of the discovery rule to toll the statute of limitations.

Next, the Beagle Defendants argue that Plaintiffs have failed to state a claim for intentional interference with prospective economic advantage. A claim of intentional interference with a prospective economic advantage requires a showing of five elements: (1) the existence of a prospective economic relationship between the plaintiff and a third party; (2) purposeful action by the defendant, specifically intended to harm an existing relationship or intended to prevent a prospective relation; (3) the absence of privilege or justification on the part of the defendant; (4) resulting legal damage; and (5) a reasonable likelihood that the relationship would have occurred but for the interference. *Am. Osteopathic Ass'n v. Am. Bd. of Internal Med.*, 555 F. Supp. 3d 142,

149-50 (E.D. Pa. 2021), citing *Acumed LLC v. Advanced Surgical Servs.*, 561 F.3d 199, 212 (3d Cir. 2009). The Beagle Defendants argue that Plaintiffs have failed to plead any facts to support elements 2 through 5 above. I will discuss each of those elements below.

Defendants do not dispute that Plaintiffs' Amended Complaint meets the first element for intentional interference. In terms of the second element dealing with intent, the Beagle Defendants argue that Plaintiffs "attempt to establish intent to harm based solely on [Defendants'] presumed knowledge of the Joint Venture Agreement." Docket No. 43, p. 4. However, Plaintiffs' Amended Complaint fails to specifically plead that Defendants were aware of the existence of the Joint Venture Agreement, how they came to be aware of it, and that they were aware of its specific terms, particularly regarding exclusivity. This additional information is necessary to establish intent in this matter.

Next, as to the third element, the Beagle Defendants argue that Plaintiffs' Amended Complaint completely fails to discuss Defendants' alleged lack of privilege or justification; therefore, it fails to make a *prima facie* showing of lack of justification. A party is justified to interfere in the contract of another when: "(1) the actor has a legally protected interest; (2) he acts or threatens to act to protect the interest; and (3) the threat is to protect it by proper means." *Goldsmith v. Ocwen Financial Corp.*, 2021 WL 816453, at *8 (W.D. Pa, Mar.3, 2021) quoting *Ruffing v. 84 Lumber Co.,* 600 A.2d 545, 548 (Pa. 1991). However, Plaintiffs' Amended Complaint contains no allegations regarding privilege or justification. There is no discussion of whether Defendants have a legally protected interest or if they took certain actions to protect that interest. If Plaintiffs choose to replead their claim, they must include facts regarding Defendants' lack of justification. Plaintiffs are cautioned that the mere act of competition is not tortious; their pleading must contain more. See *Phillips v. Selig*, 959 A.2d 420, 431 (Pa.Super.Ct. 2008).

Lastly, as to the fourth and fifth elements, the Beagle Defendants argue that Plaintiffs failed to plead that they have been damaged or that their relationship with Bergami has ended due to some fault of Defendants. The Amended Complaint contains no facts alleging that Plaintiffs lost commissions due to the conduct of the Beagle Defendants, no facts alleging that the Joint Venture Agreement was terminated, and no facts setting forth some amount of lost revenue due to Defendants' actions. Plaintiffs must plead some facts to support their claim for damages and must set forth facts alleging that but for the actions of Defendants, some impact upon their business relationship with Bergami would not have occurred. Here, Plaintiffs have failed to do so.

The Beagle Defendants also argue that Plaintiffs have pled insufficient facts to meet the $75,000 amount in controversy requirement set forth in 28 U.S.C. § 1332(a). This argument ties into Defendants' argument that the Amended Complaint fails to plead any specific damages. Plaintiffs are directed to properly plead their damages in their amended pleading to conform with both the fourth element of the test for intentional interference and to prove that they have met the jurisdictional threshold in this Court.[1]

### III.    **CONCLUSION**

For the reasons discussed more fully above, Defendants' motion is granted. Plaintiffs shall file a Second Amended Complaint setting forth sufficient factual detail to support their claim for intentional interference with economic advantage within twenty days.

---

[1] At this time, I decline to rule on the merits of Defendant Faber's motion to dismiss regarding personal jurisdiction, as Plaintiffs will be permitted to file an amended pleading. If, upon review of Plaintiffs' Second Amended Complaint, Defendant Faber still believes this Court lacks personal jurisdiction over him, he may refile his motion to dismiss at that time.